SELIGMAN TRIER AND ABRAHAM S. TRIER, APPEL-
LANTS, *v.* EDWARD HERMANN, MOSES HERMANN
AND DAVID S. TUSKA, RESPONDENTS.

*Practice — a judgment entered upon offer and acceptance — when it will not be set aside
because not entered by confession to avoid compliance with the requirement of the
law regulating its entry by confession.*

This court has no authority to vacate a prior judgment entered on the service of
a summons and complaint, and an offer of judgment and the acceptance of the
offer, where the only reason assigned for its so doing is that the parties pre-
ferred to recover the judgment by action instead of by confession to avoid
compliance with what the law had prescribed to render a judgment regular
when entered upon confession.

APPEAL from an interlocutory judgment sustaining a demurrer
interposed to the plaintiffs' complaint.

*Blumensteil & Hirsch,* for the appellants.

*George H. Yeaman,* for the respondents.

DANIELS, J.:

The object of this action was to vacate or annul a prior judgment
recovered in favor of David S. Tuska against the defendants Her-
mann. The plaintiffs recovered two judgments against the same
defendants upon which they issued executions, but were unable to
obtain satisfaction as long as the preceding judgment recovered by
David S. Tuska against them stood in the way. His judgment was
entered upon an offer served on the same day as the complaint
was served in the suit of David S. Tuska against Edward and
Moses H. Hermann. The offer was accepted, and the judgment
accordingly entered. The proceedings in that action were entirely
regular, as they were authorized by sections 738 and 740 of the
Code of Civil Procedure.

The plaintiff in this action assailed the judgment, however, as
invalid, under the allegation that the object of entering it on the
offer and acceptance was to evade the observance of the statutory
requirements made for the entry of judgments by confession.
There was no impeachment of the indebtedness upon which the
prior judgment had been recovered; neither was it alleged that

it had been collusively or fraudulently entered. The complaint in the preceding action alleged that the debtors, the defendants, made their promissory note, on the day preceding the commencement of the suit, payable to Morris Tuska or order, on demand, for the sum of $3,500, for value received, and that Morris Tuska indorsed and delivered the note to the plaintiff; that he had demanded payment of the amount, which the debtors failed to make. It was further alleged that the plaintiff had loaned and advanced to the same defendants, at their request, $2,000, on which the sum of $1,500 had been paid, leaving a balance of $500, with interest, unpaid, and demanded judgment for these amounts. This complaint was verified, and it was to permit judgment to be recovered in accordance with this statement of the facts that the offer was served upon which the judgment was entered. The main fact upon which reliance has been placed in support of this action to vacate this preceding judgment is that it was recovered by suit instead of by confession, to avoid compliance with what the law had prescribed to render a judgment regular when entered upon confession.

This was not sufficient, under any of the authorities which have been referred to, to entitle the plaintiffs, as subsequent judgment creditors, to maintain this action; for even if the plaintiff in the first judgment brought his action upon the indebtedness to recover his judgment by suit and not by confession to avoid or evade the provisions of the statute regulating the proceedings through which judgment might be confessed, that of itself would not render the judgment so obtained either fraudulent or collusive, and neither of the authorities which have been referred to in support of the action sustain any other view. But it is plainly intimated in each of them that the judgment must be collusive or fraudulent before it can be set aside where it has been recovered in this manner. Such was the conclusion of the court in *Ross* v. *Bridge* (24 How., 163), and *Beards* v. *Wheeler* (11 Hun, 539) is to the same effect. The case of *Moses* v. *McDivitt* (88 N. Y., 62) in no manner considered this point. There the only question was whether the judgment having been recovered in this manner, to authorize and protect a usurious transaction, should afterwards exclude the defense of usury, which the court held that it could not do. No authority

exists which has been discovered authorizing the court to vacate a prior judgment on the service of a summons and complaint and an offer of judgment and the acceptance of the offer, for the sole reason that the proceedings were taken in that manner, as being preferable to those provided for the recovery of judgments by confession. The complaint in that action stated all that it was required to set forth, and present two legal causes of action. There was no deficiency in it in any respect, and so long as the defendants were willing to permit judgment to be entered against them as it was demanded in the complaint, and the indebtedness has in no manner been impeached, the court was not authorized in this action to vacate or set aside that judgment. The judgment from which the appeal has been taken should, therefore, be affirmed.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed.